**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GEORGE M. MACNAUGHTON,

      Plaintiff,

v.                                                                          Case No. 26cv1858 LF/SCY

KELLY SERVICES, INC. and
CLAUDIA JIMENEZ,

      Defendants.

<u>**ORDER TO FILE RULE 7.1 NOTICE**</u>

This matter comes before the Court sua sponte, following its review of the notice of

Removal ("NOR"), filed by Defendant Kelly Services, Inc. ("KSI") on June 8, 2026. Doc. 1. KSI

removed this action to federal court citing diversity jurisdiction, Doc. 1 ¶ 9, but fails to state

sufficient allegations to invoke this court's diversity jurisdiction. So that this Court may

determine whether diversity jurisdiction exists, the Court orders Plaintiff to file his disclosure

statement within fourteen days. Because Plaintiff has not affected service of process on

Defendant Claudia Jiminez, she has yet to file her Rule 7.1 disclosure confirming her citizenship.

Therefore, the Court orders Plaintiff to serve a copy of this Order on Plaintiff when he affects

service of process, so that Jiminez is reminded of her obligation.

The Court has sua sponte duty to determine whether subject matter jurisdiction exists. *See*

*Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C.

§ 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between

citizens of different States . . . ." Here, Plaintiff's Notice of Removal alleges Plaintiff Geroge

MacNaughton and Defendant Claudia Jiminez's residency—not citizenship. *Id*. ¶¶ 6, 8. But

residency is not equivalent to citizenship. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency, however, may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

The record lacks sufficient proof to demonstrate that Plaintiff is a citizen of New Mexico or that Defendant Jiminez is a citizen of California. KSI asserts that Plaintiff is a resident of New Mexico (Doc. 1 ¶ 6) and "worked as a substitute teacher for [KSI] from December 2019 to December 2023 for various [Albuquerque Public Schools] locations." Doc. 1-3 ¶ 10. KSI also contends that Jiminez "was a California resident" during her employment with KSI, "and appears to currently reside in Rialto, California." Doc. 1 ¶ 8. The Declaration of Kristen L. Yerkovich (Doc. 1-3) also states that Jiminez worked for KSI up until January 2024, "was a resident of California and worked 100% remotely" during employment with KSI. *Id.* ¶¶ 5-6. Yerkovich further states that "Jiminez's last 2024 W-2 Wage and Tax Statement from [KSI] was mailed to her [] California residence in 2025 and was received[,]" and that based on Jiminez's LinkedIn profile, "it appears that [] Jiminez is a resident of Rialto, California[.]" *Id.* ¶¶ 8-9.

For purposes of diversity jurisdiction, however, "a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." *De La Rosa v. Reliable, Inc.*, 113 F.Supp.3d 1135, 1151 (D.N.M. 2015) (cleaned up). As of the filing of this lawsuit, April 30, 2026, Plaintiff's residence and intent to remain still remain unclear despite KSI's attestation that he is a resident of New Mexico and worked as a substitute teacher for Albuquerque Public Schools up until December 2023.

Additionally, Jiminez's residence and intent to remain are also unclear, though KSI contends that her last W-2 Wage and Tax Statement from KSI was received by Jiminez in California in 2025 and cites Jiminez's purported LinkedIn page. Therefore, because there is no other proof in the record indicating citizenship of these two individuals, the allegation of their "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction).

So that this Court may determine whether it has subject matter jurisdiction over this matter, the Court first orders Plaintiff to file his Rule 7.1 disclosure statement. Rule 7.1 requires parties in a diversity case to file disclosure statements as to their own citizenship with their first appearance, pleading, petition, motion, response, or other request addressed to the court. *See* Fed. R. Civ. P. 7.1(a)(2)(A), (b) (directing parties removing an action to file a disclosure statement identifying the citizenship of every individual or entity whose citizenship is attributed to them when diversity jurisdiction is invoked under 28 U.S.C. § 1332(a)); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). Plaintiff filed a Notice of Parties' Extension of Time for Briefing to Defendant Kelly Services, Inc.'s Motion to Dismiss on June 23, 2026. Doc. 6. He must therefore file his Rule 7.1 disclosure statement as to his citizenship within fourteen days of the date of this Order. Fed. R. Civ. P. 7.1(b).

Secondly, this Court understands that Plaintiff has not yet served Jiminez with process to date. Doc. 8 ("Defendant Ms. Jiminez has not been served . . . ."). Because Defendant KSI alleges Jiminez's residency and not citizenship, the Court orders Plaintiff to serve a copy of this

Order on Jiminez with the complaint and summons.[1] Upon Jiminez's first appearance, pleading, petition, motion, response, or other request addressed to the Court, Jiminez must file her disclosure statement identifying her citizenship. *See* Fed. R. Civ. P. 7.1(a)(2), (b)(1). The Court will then determine whether there is complete diversity between Plaintiff and Defendants, and therefore subject matter jurisdiction, to preside over this matter. Fed. R. Civ. P. 7.1(a)(2), Committee Notes - 2022 Amendment ("Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery-destroying citizenship.").

**IT IS HEREBY ORDERED** that Plaintiff George M. MacNaughton file his Rule 7.1(a)(2) citizenship disclosure statement no later than **Tuesday, July 14, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff George M. MacNaughton serve a copy of this Order on Defendant Claudia Jiminez when Plaintiff serves Jiminez with process pursuant to Federal Rule of Civil Procedure 4.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recognizes that the defendant seeking removal carries the burden of establishing that federal court jurisdiction is proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). However, because Plaintiff has yet to affect service on Jiminez, and in an effort to efficiently advise Jiminez of the requirement to provide a Rule 7.1 disclosure as to her citizenship, the Court orders Plaintiff to serve a copy of this Order with the complaint and summons.